# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

_____

JOHN ROBERT CIAROLLA,                )
SHARON P. HEINNICKEL,                )
AND DAWN LYNN O'CONNOR,              )
INDIVIDUALLY AND AS                  )
EXECUTORS OF THE ESTATE OF          )
JOHN J. CIAROLLA, DECEASED           )
208 SCOTT DRIVE                      )
MONROEVILLE, PA 15146                )
                                     )
                      Plaintiffs,    )
                                     )     Civil Action No. 2:13-cv-01741-AJS
              v.                     )
                                     )
UNITED STATES OF AMERICA,            )
                                     )
                      Defendant.     )
_____ )

## DEFENDANT UNITED STATES OF AMERICA'S ANSWER

Defendant United States of America hereby answers Plaintiffs' Complaint (Doc.

1).  Paragraphs 1 through 136 respond to the corresponding numbered averments in

Plaintiffs' Complaint.  Thereafter, the United States has set forth its bases for lack of

subject-matter jurisdiction and affirmative defenses.

## COMPLAINT

1.      The United States lacks knowledge or information sufficient to admit or

deny the allegations in paragraph 1, and therefore denies the same.

2.      The United States lacks knowledge or information sufficient to admit or

deny the allegations in paragraph 2, and therefore denies the same.

3.      The United States lacks knowledge or information sufficient to admit or

deny the allegations in paragraph 3, and therefore denies the same.

4.      The United States admits the allegations in paragraph 4.

5.      The United States admits the allegations in paragraph 5.

6.      The United States admits the allegations in paragraph 6.

7.      The United States admits that the VA Pittsburgh Healthcare System, (hereinafter "VAPHS"), is a division of the United States Department of Veterans Affairs and provides healthcare to veterans through its facilities at University Drive in Pittsburgh, Pennyslvania, and the H.J. Heinz Campus in O'Hara Township, Pittsburgh, Pennsylvania. The United States denies any remaining allegations in paragraph 7.

8.      The United States admits the allegations in paragraph 8.

9.      The United States admits that the hospital and healthcare facility was organized to provide healthcare utilizing licensed health care professionals and that Plaintiffs are asserting a professional liability action.  The United States lacks knowledge or information sufficient to deny the remaining allegations in paragraph 9, and therefore denies the same.

10.      The United States admits that Plaintiffs' counsel submitted an executed Standard Form 95, dated April 10, 2013, to VAPHS at both the University Drive and H.J. Heinz campuses, and that this form purports to assert claims by the Co-Administrators of the Estate of John J. Ciarolla.  The United States denies any remaining allegations in paragraph 10.

11.      The United States lacks knowledge or information sufficient to deny the allegations in paragraph 11, and therefore denies the same.

12.      The United States admits the allegations in paragraph 12.

13.      The United States admits that Plaintiffs' counsel sent a letter dated May

31, 2013, regarding claims associated with the Estate of John J. Ciarolla. The United States denies any remaining allegations in paragraph 13.

14.     The United States admits that Plaintiffs' counsel sent a letter dated June 25, 2013, and accompanying report of Michael L. Silverman, M.D., to the Office of Regional Counsel. The United States denies the remaining allegations of paragraph 14.

## JURISDICTION AND VENUE

15.     The United States admits that Plaintiffs' Complaint purports to be brought pursuant to the Federal Tort Claims Act. The United States denies that the Court has subject matter jurisdiction over the claims asserted in Plaintiffs' Complaint.

16.     The United States admits the allegations in paragraph 16.

17.     The United States admits that when the Complaint was filed on December 6, 2013, the Department of Veterans Affairs had not yet denied or accepted Plaintiff's claims set forth in the Standard Form 95. Thereafter, on December 23, 2013, the Department of Veteran Affairs denied Plaintiffs' claims. The remainder of paragraph 17 contains legal conclusions to which no response is required. If an answer is deemed required, the United States denies the remaining allegations in paragraph 17.

18.     Paragraph 18 contains legal conclusions to which no answer is required. If an answer is deemed required, the United States avers that the Court lacks subject matter jurisdiction over Plaintiff's claims, but that if jurisdiction existed, then venue over Plaintiffs' claims would be proper in this Court.

19.     The United States admits that Plaintiffs purport to bring this action pursuant to provisions of the Federal Tort Claims Act. The United States denies the remaining allegations in paragraph 19.

3

## FACTS

20.     The United States admits that John J. Ciarolla was admitted to the VAPHS University Drive campus, with a diagnosis that included urinary tract infection, on June 27, 2011.  The United States denies the remaining allegations in paragraph 20.

21.     The United States admits the allegations in paragraph 21.

22.     The United States admits that John J. Ciarolla had a fever prior to his June 27, 2011, admission at the University Drive campus and that he was started on antibiotics, including Ciprofloxacin, on June 25, 2011.  The United States further admits that Mr. Ciarolla had a diagnosis of pneumonia as of June 27, 2011, and that a Legionella urinary antigen test was ordered.  The United States lacks knowledge or information sufficient to admit or deny the remaining allegations in both paragraphs of the Complaint designated paragraph 22, and therefore denies the same.

23.     The United States admits that John J. Ciarolla received a dose of Moxifloxacin on June 27, 2011, and that on June 28, 2011, he was started on antibiotics including Vancomycin and Zosyn.  The United States lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 23, and therefore denies the same.

24.     The United States admits the allegations in paragraph 24.

25.     The United States admits that on July 1, 2011, John J. Ciarolla was started on Azithromycin and Ceftriaxone.  The United States lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 25, and therefore denies the same.

26.     The United States admits the allegations in paragraph 26.

4

27.     The United States admits that John J. Ciarolla's Ceftriaxone and Azithromycin continued for several more days after July 1, 2011.  The United States lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 25, and therefore denies the same.

28.     The United States admits that John J. Ciarolla was diagnosed with Hypoxemic Respiratory failure.  The United States lacks knowledge or information sufficient to admit or deny whether Mr. Ciarolla is Plaintiffs' decedent.  The United States denies the remaining allegations in paragraph 28.

29.     The United States admits that John J. Ciarolla received ventilator support from July 6 to July 18, 2011; that he received levophed for blood pressure support; and that he was started on a morphine drip on July 18, 2011.  The United States lacks knowledge or information sufficient to admit or deny whether Mr. Ciarolla is Plaintiffs' decedent.  The United States denies the remaining allegations in paragraph 29.

30.     The United States denies the allegations in paragraph 30.

31.     The United States denies the allegations in paragraph 31.

32.     The United States denies the allegations in paragraph 32.

33.     Paragraph 33 contains legal conclusions to which no answer is required. If an answer is deemed required, the United States is without knowledge or information sufficient to admit or deny the allegations in paragraph 33, and therefore denies the same.

34.     The United States denies the allegations in paragraph 34.

35.     The United States is without knowledge or information sufficient to admit or deny the allegations in paragraph 35, and therefore denies the same.

36.     The United States denies the allegations in paragraph 36.

## COUNT I – MEDICAL NEGLIGENCE

37.     The foregoing responses are incorporated herein by reference as though the same were set forth at length herein.

38.     The United States denies the allegations in paragraph 38, including those in subparagraphs (a) - (r).

39.     The United States denies the allegations in paragraph 39.

## COUNT II – NEGLIGENCE

40.     The foregoing responses are incorporated herein by reference as though the same were set forth at length herein.

## LEGIONELLA HISTORY

41.     The United States admits the allegations in paragraph 41.

42.     The United States admits the allegations in paragraph 42.

43.     The United States admits that Legionella is known to be present in a variety of circumstances.  The United States is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 43, and therefore denies the same.

44.     The United States admits that, in humans, Legionella can manifest as either a fever or a serious and potentially fatal infection of the lungs, as seen in pneumonia.  The United States further admits that in many cases, the Legionella infection is a result of a person aspirating or inhaling the water containing the Legionella bacteria. The United States denies any remaining allegations in the first paragraph designated paragraph 44.  Regarding the second paragraph labeled 44, the United States admits that Legionella bacteria can flourish in water systems, such as water systems contained in

hospitals.  The United States is without knowledge or information sufficient to admit or deny the remaining allegations in the second paragraph labeled 44, and therefore denies the same.

45.	The United States admits that within Pennsylvania, the rate of Legionella infections is highest in the southwest corner of the state.  The United States is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 45, and therefore denies the same.

46.	The United States admits the allegations in paragraph 46.

47.	The United States admits that Dr. Yu was hired by the VA and was assigned as the Chief of Infectious Disease and the head of the Special Pathogens and Clinical Microbiology Lab.  The United States denies the remaining allegations in paragraph 47.

48.	The United States admits the allegations in paragraph 48.

49.	The United States admits the allegations in paragraph 49.

50.	The United States is without knowledge or information sufficient to admit or deny the allegations in paragraph 50, and therefore denies the same.

51.	The United States is without knowledge or information sufficient to admit or deny the allegations in paragraph 51, and therefore denies the same.

52.	The United States is without knowledge or information sufficient to admit or deny the allegations in paragraph 52, and therefore denies the same.

53.	The United States is without knowledge or information sufficient to admit or deny the allegations in paragraph 53, and therefore denies the same.

54.	The United States denies the allegations in paragraph 54.

55.     The United States is without knowledge or information sufficient to admit or deny the allegations in paragraph 55, and therefore denies the same.

56.     The United States admits that the Special Pathogens Laboratory was closed in 2006.  The United States denies that it disposed of all legionella samples maintained in the laboratory.  The United States further avers that certain samples that were improperly or insufficiently labeled and cataloged were destroyed.  The United States denies any remaining allegations in paragraph 56.

57.     The United States admits that VAPHS personnel were involved in the maintenance and testing of the copper-silver ionization system at the University Drive campus.  The United States also admits that VAPHS took steps to manage Legionella risks.  The United States denies any remaining allegations in paragraph 57.

58.     The United States denies the allegations in paragraph 58.

59.     The United States denies the allegations in paragraph 59.

## LEGIONELLA AT THE PITTSBURGH VA

60.     The United States admits that VAPHS continues to monitor for Legionella bacteria.  The United States denies any remaining allegations in paragraph 60.

61.     The United States admits the allegations in paragraph 61.

62.     The United States admits the allegations in paragraph 62.

63.     The United States admits the allegations in paragraph 63.

64.     The United States admits the allegations in paragraph 64.

65.     The United States denies that 10 out of 28 samples in the referenced units were positive for Legionella.  The United States admits that 13 out of 22 samples in Units 6W, 5E, 5W, 4W, 4E, and 3A were positive for Legionella.

## VA LEGIONELLA POLICIES

66.     The United States admits that the Department of Veterans Affairs published a directive in 2008 establishing guidelines for evaluating Legionella risk.  The United States is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 66, and therefore denies the same.

67.     The United States admits the allegations in paragraph 67.

68.     The United States admits the allegations in paragraph 68.

69.     The United States admits the allegations in paragraph 69.

70.     The United States admits the allegations in paragraph 70.

71.     The United States admits the allegations in paragraph 71.

72.     The United States admits that the Department of Veterans Affairs issued a directive in 2009 entitled "Domestic Hot Water Temperature Limits for *Legionella* Prevention and Scald Control."  The United States denies the remaining allegations in paragraph 72.

73.     The United States denies the allegations in paragraph 73.

74.     The United States admits that Legionella was found to be present in the VA Pittsburgh-University Drive water system in summer 2011.  The United States further admits that several patients at the VA Pittsburgh-University Drive facility were found to have Legionnaire's disease in 2011.  The United States denies the remaining allegations in paragraph 74.

75.     The United States admits that VAPHS changed its legionella prevention control policy effective March 17, 2011, and at that time began to check voltage and amperage from the copper silver ionization units on a weekly basis.  The United States

9

denies the remaining allegations in paragraph 75.

76.     The United States denies the allegations in paragraph 76.

77.     The United States denies the allegations in paragraph 77.

78.     The United States admits that there was a VAPHS infection prevention team meeting on July 21, 2011, in which it was discussed that John J. Ciarolla had been treated for Legionella and in which it was suggested that the exposure may have occurred outside the hospital when Mr. Ciarolla was on leave from the hospital.  The United States denies the remaining allegations in paragraph 78.

79.      The United States denies the allegations in paragraph 79.

80.     The United States admits that Maureen Ciarolla and Sharon Heinnickel were provided with water testing supplies by VAPHS.  The United States denies the remaining allegations in paragraph 80.

81.     The United States admits that John J. Ciarolla died on July 18, 2011.  The United States denies the remaining allegations in paragraph 81.

82.     The United States denies the allegations in paragraph 82.

83.     The United States denies the allegations in paragraph 83.

84.     The United States denies the allegations in paragraph 84.

85.     The United States denies the allegations in paragraph 85.

86.     The United States denies the allegations in paragraph 86.

87.     The United States denies the allegations in paragraph 87.

88.     The United States denies the allegations in paragraph 88.

89.     The United States denies the allegations in paragraph 89.

**LEGIONELLA OUTBREAK**

90.     The United States admits that on September 13, 2011, the VAPHS Chief

10

of Staff sent a memorandum to medical staff regarding Legionella.  The United States denies the remaining allegations in paragraph 90.

91.     The United States denies the allegations in paragraph 91.

92.     The United States denies the allegations in paragraph 92.

93.     The United States denies the allegations in paragraph 93.

94.     The United States denies the allegations in paragraph 94.

95.     The United States denies the allegations in paragraph 95.

96.     The United States denies the allegations in paragraph 96.

97.     The United States denies that all urine antigen tests for Legionnaires' disease conducted at the VAPHS were delayed for several days.  The United States admits that batch testing of urine antigen tests for Legionnaires' disease did occur at the VAPHS.  The United States denies any remaining allegations in paragraph 97.

98.     The United States denies the allegations in paragraph 98.

## CENTERS FOR DISEASE CONTROL

99.     The United States admits that in the summer of 2012 the VAPHS found an increase in healthcare-acquired Legionnaires' pneumonia.  The United States denies the remaining allegations in paragraph 99.

100.     The United States admits that the Pennsylvania Bureau of Laboratories contacted the CDC Legionella Laboratory on October 5, 2012, to request sub-typing of Legionella isolates that were found at VAPHS.  The United States denies the remaining allegations in paragraph 100.

101.     The United States admits the allegations in paragraph 101.

102.     The United States admits the allegations in paragraph 102.

11

103.    The United States admits the allegations in paragraph 103.

104.    The United States admits the allegations in paragraph 104.

105.    The United States admits the allegations in paragraph 105.

106.    The United States admits the allegations in paragraph 106.

107.    The United States admits that the CDC sent two Epidemic Intelligence Service officers and a microbiologist to Pittsburgh to look into Legionella and healthcare-acquired pneumonia at VA Pittsburgh, and that they joined scientists from the Allegheny County Health Department and the Pennsylvania Department of Health for the purposes of conducting an Epi-Aid Trip.  The United States denies the remaining allegations in paragraph 107.

108.    The United States denies that the Epi-Aid Trip in November 2012 constituted an "investigation."  The United States admits the remaining allegations in paragraph 108.

109.    The United States denies the allegations in paragraph 109.

110.    The United States lacks knowledge or information sufficient to admit or deny allegations in paragraph 98 regarding whether the Epi-Aid team "legally inspect[ed] healthcare facilities," and therefore denies the same.  The United States admits the remaining allegations in paragraph 110.

111.    Paragraph 111 consists of Plaintiffs' paraphrasing of the CDC's  January 25, 2013 "Epi-Aid Trip Report:  Legionnaires' disease among patients at a Veterans Affairs Healthcare System in Pennsylvania, 2011-2012 (Epi-Aid 2013-011)."  The United States admits that the Epi-Aid team spoke with VAPHS staff concerning maintenance and reviewed maintenance logs, a consultant report, and Legionella-specific culture

12

results.  The United States denies the remaining allegations in paragraph 111.

112.    The United States admits that the CDC's January 25, 2013 "Epi-Aid Trip Report:  Legionnaires' disease among patients at a Veterans Affairs Healthcare System in Pennsylvania, 2011-2012 (Epi-Aid 2013-011)" reported that  29 out of 44 environmental samples collected by the Epi-Aid field team showed growth of Legionella.  The United States also admits that three clinical isolates were matched to an environmental isolate taken from the hospital.  The United States denies that the clinical isolates were identical; denies that the isolates matched multiple environmental isolates taken from the hospital's potable water system; and denies all remaining allegations in paragraph 112.

113.    The United States denies the allegations in paragraph 113.

114.    Paragraph 114 is Plaintiffs' paraphrasing of the CDC's January 25, 2013 "Epi-Aid Trip Report:  Legionnaires' disease among patients at a Veterans Affairs Healthcare System in Pennsylvania, 2011-2012 (Epi-Aid 2013-011)."  Paragraph 114 is not a full and accurate representation of the CDC's report, and therefore the United States denies the allegations in paragraph 114.

115.    Paragraph 115 is Plaintiffs' paraphrasing of the CDC's  January 25, 2013 "Epi-Aid Trip Report:  Legionnaires' disease among patients at a Veterans Affairs Healthcare System in Pennsylvania, 2011-2012 (Epi-Aid 2013-011)."  The United States denies that the Epi-Aid Trip constituted an "investigation."  The United States admits the remaining allegations in paragraph 115.

116.    The United States admits the allegations in paragraph 116.

117.    The United States denies the allegations in paragraph 117, including those in subparagraphs (a) - (y).

118.    The United States denies the allegations in paragraph 118.  Further, the United States avers that Plaintiffs are not entitled to damages in this matter and that judgment should be entered in favor of the Defendant.

119.    The United States denies the allegations in paragraph 119.

120.    The United States denies the allegations in paragraph 120.

121.    The United States denies the allegations in paragraph 121.

### COUNT III – WRONGFUL DEATH

122.    The foregoing responses are incorporated herein by reference as though the same were set forth at length herein.

123.    Paragraph 123 contains legal conclusions to which no response is required.  If a response is deemed necessary, then the United States admits that Plaintiffs' Complaint purports to bring a claim under the Pennsylvania Wrongful Death Act; is without knowledge or information sufficient to admit or deny the allegations regarding John. J. Ciarolla's beneficiaries, and denies all remaining allegations, including the allegations in subparagraphs (1) - (5).  Further, the United States avers that Plaintiffs are not entitled to damages in this matter and that judgment should be entered in favor of the Defendant.

124.    The United States denies the allegations in paragraph 124.

125.    The United States admits that Plaintiffs make the asserted claims but denies that Plaintiffs are entitled to the relief asserted in paragraph 125.

126.    The United States admits that Plaintiffs make the asserted claims but denies that Plaintiffs are entitled to the relief asserted in paragraph 126.

127.    The United States admits that Plaintiffs make the asserted claims but

denies that Plaintiffs are entitled to the relief asserted in paragraph 127.

128.    The United States admits that Plaintiffs make the asserted claims but denies that Plaintiffs are entitled to the relief asserted in paragraph 128.

## COUNT IV - SURVIVAL ACT

129.    The foregoing responses are incorporated herein by reference as though the same were set forth at length herein.

130.    Paragraph 130 contains legal conclusions to which no response is required.  If a response is deemed necessary, then the United States admits that Plaintiffs' Complaint purports to bring a survival action and denies any remaining allegations.

131.    Paragraph 131 contains legal conclusions to which no response is required.  If a response is deemed necessary, then the United States denies the allegations in paragraph 131, including subparagraphs (1) - (5).

132.    The United States denies the allegations in paragraph 132.

133.    The United States admits that Plaintiffs make the asserted claims but denies that Plaintiffs are entitled to the relief asserted in paragraph 133.

134.    The United States admits that Plaintiffs make the asserted claims but denies that Plaintiffs are entitled to the relief asserted in paragraph 134.

135.    The United States admits that Plaintiffs make the asserted claims but denies that Plaintiffs are entitled to the relief asserted in paragraph 135.

136.    The United States admits that Plaintiffs make the asserted claims but denies that Plaintiffs are entitled to the relief asserted in paragraph 136.

## GENERAL DENIAL

The United States hereby generally denies each and every allegation contained in

the Complaint, except as expressly admitted above.  In addition, the United States expressly denies that Plaintiffs are entitled to judgment, damages, costs, or other relief as requested through their prayers for relief.

## LACK OF SUBJECT MATTER JURISDICTION

The Court lacks subject-matter jurisdiction over Plaintiffs' claims because they are subject to the bars and limitations of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), including, but not limited to, the provisions described below:

1.      Plaintiffs' claims are barred by the discretionary function exception of the FTCA's limited waiver of sovereign immunity.   28 U.S.C. § 2680(a).

2.      Plaintiffs' claims are barred by the contractor exception to the FTCA's limited waiver of sovereign immunity.  28 U.S.C. §§ 1346(b), 2671.

3.      To the extent Plaintiffs' alleged injuries were caused, in whole or in part, by alleged misrepresentation, concealment, or deceit, their claims are barred by the misrepresentation exception to the FTCA's limited waiver of sovereign immunity.  28 U.S.C. § 2680(h).

4.      To the extent Plaintiffs' alleged injuries were caused, in whole or in part, by other alleged actions described in 28 U.S.C. § 2680(h), their claims fall outside the FTCA's limited waiver of sovereign immunity.

5.      The FTCA does not provide subject-matter jurisdiction over any claim for money damages in excess of the sum certain described in Plaintiffs' individual administrative claims.  28 U.S.C. § 2675(b).

6.      The FTCA does not provide subject-matter jurisdiction over any claim for

16

punitive damages or for pre-judgment interest. 28 U.S.C. § 2674.

7.      Plaintiffs' claims are barred by the FTCA's statute of limitations provision.  28 U.S.C. §2401(b).

## AFFIRMATIVE DEFENSES

For its affirmative defenses, the United States alleges:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each and every cause of action, allegation, and claim therein, fails to state a claim upon which relief can be granted against the United States.

### SECOND AFFIRMATIVE DEFENSE

The United States owed no actionable duty to Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

If it is found that the United States owed an actionable duty to Plaintiffs, which it denies, the United States did not breach that duty.

### FOURTH AFFIRMATIVE DEFENSE

Defendant United States and its agencies, employees and agents exercised due care and diligence in the conduct of its affairs.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries, harm and/or damages were not directly, actually, or proximately caused by any negligent or wrongful act or omission of any officer, agent, servant or employee of the United States acting within the scope of his or her employment.

### SIXTH AFFIRMATIVE DEFENSE

Any injuries or damage suffered by Plaintiffs are the direct and proximate result

of negligence or other fault on the part of third parties, and not of the United States.

### SEVENTH AFFIRMATIVE DEFENSE

The damages alleged in Plaintiffs' Complaint were proximately caused by an intervening or superseding cause or event.

### EIGHTH AFFIRMATIVE DEFENSE

Should the United States be adjudged at fault, the fault of others who contributed to the alleged injuries and/or damages that Plaintiffs have claimed bars or reduces recovery of such damages, if any, in proportion thereto.  *See* 42 Pa. C.S. § 7102.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' decedent had pre-existing physical conditions, injuries and damages, and the United States is not liable to Plaintiffs for any alleged damages which were caused by any pre-existing condition or injury.

### TENTH AFFIRMATIVE DEFENSE

Actions against the United States must be tried by the Court without a jury.  28 U.S.C. § 2402.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant United States asserts that Plaintiffs cannot recover damages to the extent actually paid by a collateral source.  If it is found that the United States is liable, which it expressly denies, the United States is entitled to an offset against damages, if any, for and equal to all amounts received by Plaintiffs from the United States and its agencies in relation to this matter.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' claims are based on the Federal Tort Claims Act,

Plaintiffs' attorneys' fees are limited to twenty-five percent of any judgment that may be entered, and any attorneys' fees are payable out of the judgment amount. 28 U.S.C. § 2678.

### THIRTEENTH AFFIRMATIVE DEFENSE

All future damages, if any, must be reduced to present value.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any compensable damages.  And if they have, which the United States denies, they have failed to mitigate those damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant United States hereby specifically preserves any and all other defenses, not currently known, which it has or through discovery it learns may be applicable.

WHEREFORE, Defendant United States of America prays that Plaintiffs take nothing in this action, that the Complaint be dismissed with costs to the United States, and that this Court grant such other relief as it may deem appropriate.

Dated: March 14, 2014

Respectfully submitted,

J. PATRICK GLYNN
Director

CHRISTINA M. FALK
Assistant Director

ADAM M. DINNELL
ADAM BAIN
Senior Trial Counsel


/s/     Jason Wisecup
JASON WISECUP (CO Bar # 38306)
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
1331 Pennsylvania Ave., NW, Suite 8214N
Washington, DC 20004
jason.wisecup2@usdoj.gov
Telephone:  (202) 532-0222
Facsimile:    (202) 616-4473

Attorneys for the United States of America

**CERTIFICATE OF SERVICE**

I certify that on March 14, 2014, the foregoing document was filed via the U.S.

District Court's CM/ECF electronic filing system and a copy thereof was served upon:

John N. Zervanos, Esq.
Soloff & Zervanos, P.C.
1525 Locust Street, 8th Floor
Philadelphia, PA 19102
jzervanos@lawsz.com


/s/     Jason Wisecup
JASON WISECUP

21