IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN ROBERT CIAROLLA,<br>SHARON P. HEINNICKEL,<br>AND DAWN LYNN O'CONNOR,<br> INDIVIDUALLY AND AS<br>EXECUTORS OF THE ESTATE OF<br>JOHN J. CIAROLLA, DECEASED<br>3524 BEVAN ROAD<br>N. VERSAILLES, PA. 15137 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action<br><br><br><br>No.  2:13-cv-01741 |
| Plaintiffs<br>v. | :<br>:<br>: | |
| UNITED STATES OF AMERICA, | :<br>: | |
| Defendant | : | |

## D E C R E E

**AND NOW**, this           day of                      , 2014, upon consideration of the Petition for Approval of Settlement and the Allocation of Settlement Proceeds, it is hereby **ORDERED** and **DECREED** that the net distribution of settlement proceeds of the wrongful death and survival action claims in the gross amount being $227,500.00 shall be allocated and distributed as follows:

| | | |
|---|---|---|
| To: | Soloff & Zervanos, P.C.<br>(Counsel Fees of 25%) | $ 56,875.00 |
| To: | Soloff & Zervanos, P.C.<br>(Reimbursement of Costs) | $12,045.88 |

It is further **ORDERED** and **DECREED** that the balance of $158,579.12 shall be made payable to the Estate of John J. Ciarolla and it shall be allocated and distributed as follows:

| | |
|---|---:|
| **Wrongful Death Act Damages (50%)** <br> to be distributed pursuant to 42 Pa. C.S.A. 8301 <br> and | $79,289.56 |
| **Survival Act Damages (50%)** <br> to be distributed pursuant to 42 Pa. C.S.A. § 8302 | $79,289.56 |

                              **BY THE COURT:**

                              _____

                                         **J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN ROBERT CIAROLLA, <br> SHARON P. HEINNICKEL, <br> AND DAWN LYNN O'CONNOR, <br> INDIVIDUALLY AND AS <br> EXECUTORS OF THE ESTATE OF <br> JOHN J. CIAROLLA, DECEASED <br> 3524 BEVAN ROAD <br> N. VERSAILLE, PA 15137 <br><br> Plaintiffs <br> v. <br> UNITED STATES OF AMERICA, <br><br> Defendant | Civil Action <br><br><br><br><br> No. 2:13-cv-01741 |

## PETITION FOR APPROVAL OF SETTLEMENT AND THE ALLOCATION OF SETTLEMENT PROCEEDS

Petitioner seeks approval from this Honorable Court for allocation of the settlement proceeds for Wrongful Act Damages and Survival Act Damages arising out of a lawsuit for the death of the decedent, John J. Ciarolla and avers the following:

1. John J. Ciarolla died at the age of eighty-three (83) on July 18, 2011 due to complications associated with his legionella pneumonia.

2. Petitioners, Dawn Lynn O'Connor, 106 Silver Lake Court, Peletier, NC 28584, John R. Ciarolla, 4114 Cambridge Drive, Irwin, Pa. 15642, Sharon Heinnickel, 2176 Route 119 N, Greensburg, Pa. 15601 are the executors of the Estate of the Decedent John J. Ciarolla. (A true and correct copy of the letters of administration are attached hereto and marked as *Exhibit A*).

3. Petitioners are the lawful adult children of decedent John J. Ciarolla.

4. Petitioner is also survived by two other adult children, Kathleen Neumann, 18

David Dunlap Circle, Toronto, Ontario, M3C-0C1 and Maureen Ciarolla, 208 Scott Drive, Monroeville, Pa. 15146.

5. Petitioners alleged that the decedent died as a result of exposure of legionella bacteria resulting in legionella pneumonia. Decedent was transferred to the Pittsburgh Veteran's Administration Hospital's ICU on July 4, 2011 requiring increasing 02 ventilation. Upon determining that decedent was suffering from legionella pneumonia, decedent was maintained on azithromycin and ceftriaxone. He unfortunately worsened resulting in pulmonary edema aggravating his existing mitral valve stenosis and causing severe compromising cardiac function.

6. Life saving measures were continued but eventually decedent was placed on a morphine drip then extubated and died on July 18, 2011.

7. Decedents have alleged that doctors at the Pittsburgh Veterans Administration Hospital failed to properly diagnose his legionella pneumonia in a timely fashion and after presuming his legionella pneumonia diagnosis and beginning him on a single dose of moxifloxacin, suddenly stopped the medication failing to replace an effective antibiotic with additional effective antibotic therapy until his legionella antigen came back positive on July 1, 2011, thereby allowing the legionella bacteria to strengthen and become resistant to antibiotic therapy.

8. It is also alleged by petitioners, the Pittsburgh VA allowed decedent John J. Ciarolla to become exposed to legionella due to substantial mismanagement of its water supply and HVAC system which allowed legionella bacteria to exist within its buildings at dangerous levels for years and later attempting to blame decedent's family and other medical professionals and medical facilities for the legionella exposure.

9. Petitioners retained two medical experts, Michael Silverman, M.D., and Cyril Wecht, M.D. (Copies of their respective reports are attached and marked as **Exhibit B**)

10. Petitioners subsequently filed a professional liability action and medical malpractice action and also an action of negligence in the United States District Court, Western District of Pennsylvania, No. 2:13 -cv- 01741. (A true and correct copy of the complaint is attached hereto and marked as *Exhibit C*).

11. After suit was filed and defendant United States of America filed its answer, there was a limited exchange of discovery. The parties then agreed to non-binding mediation on April 3, 2014 before retired Allegheny Court of Common Pleas Judge Eugene Scanlon.

12. After a day long mediation, the parties agreed to settle the matter for a total of $227,500.00.

13. Petitioners and their counsel do not believe there is any additional discovery or investigation required which will either enhance theories of liability, shed further light on the liability of United States of America and the Veteran Administration Hospital in Pittsburgh, causation or damages which would significantly change the settlement value of the Wrongful Death Act or Survival Act damage claims set forth herein.

14. Accordingly, petitioner and their counsel seek the authority and approval of this Honorable Court for allocation of the settlement proceeds as between Wrongful Death Act and Survival Act damages pursuant to Pennsylvania law.

15. A release was proposed by defendant United States of America. (A true and correct copy of the Release is attached hereto and marked as *Exhibit D)*.

16. All medical bills and expenses have been paid and the United States of America has agreed to waive any and all liens related to the care and treatment of decedent at the

Pittsburgh Veteran's Administration Hospital, including but limited to the Pittsburgh Veteran's Administration Hospital and it's long term care facility.

17. Counsel also represents that there are no other liens associated with this case.

18. The Pennsylvania Department of Revenue has provided a Letter of Acquiescence approving this allocation and distribution. (A true and correct copy of the letter is attached hereto and marked as *Exhibit E)*.

19. Petitioner respectfully requests allocation and distribution of the proceeds of the gross settlement, pursuant to the Contingent Fee Agreement, as follows:

| To: | Soloff & Zervanos, P.C. | $ 56,875.00 |
| | (Counsel Fees of 25%) | |
| | (See Fee Agreement attached as *Exhibit F)* | |

| To: | Soloff & Zervanos, P.C. | $12,045.88 |
| | (Reimbursement of Costs) | |
| | (See Itemized Cost Sheet attached as *Exhibit G)* | |

20. Petitioner respectfully requests that the balance of $158,579.12 which is the sum of the total net recovery after subtraction of fees and expenses shall be made payable to the Estate of John J. Ciarolla and it shall be allocated and distributed as follows:

| **Wrongful Death Act Damages (50%)** | $79,289.56 |
| **Survival Act Damages (50%)** | $79,289.56 |

21. Petitioner respectfully submits that they believe that they do not need to seek the court's approval on the distribution of wrongful death act damages, however, recognize that the court's approval is necessary to settle the survival act damages. See <u>Moore v. Gates</u>, 398 Pa. Super. 211, 580 A.2d 1138 (1990), appeal denied, 527 Pa. 617, 590 A.2d 758 (1991).

22. Petitioner respectfully submits that distribution of 50% of the net proceeds available is proper and equitable under the Wrongful Death Act to take into account the loss of

consortium to the petitioner as well as the pecuniary value of the services the decedent was to provide to the petitioner and his biological children.

23. Petitioner respectfully submits the decedent endure pain and suffering as a result of his exposure to legionella bacteria. Thus, it is believed that 50% of the net proceeds available is proper and equitable under the Survival Act.

24. It has always been the policy of this Commonwealth to favor Wrongful Death Act allocations over the estate or Survival Act allocations, especially since Wrongful Death Act damages are determined by a jury and any Survival Act Damages would reflect the subtraction for all amounts payable to any beneficiaries of survivors under the Wrongful Death Act. See Krause v. B & L Railroad, 5 F.2d 106 (1984); In RE: Ringler Estate, 36 Somerset Legal Journal 337 (1979).

**WHEREFORE**, petitioner respectfully requests that this Honorable Court enter the attached Order approving allocation of the settlement proceeds contained therein.

                Respectfully submitted,

                SOLOFF & ZERVANOS, P.C.

                BY:_____
                JOHN N. ZERVANOS
                Attorney for Petitioners
                John R. Ciarolla, Dawn Lynn O'Connor and
                Sharon Heinnickel, Executors of the
                Estate of John J. Ciarolla, deceased

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN ROBERT CIAROLLA, <br> SHARON P. HEINNICKEL, <br> AND DAWN LYNN O'CONNOR, <br> INDIVIDUALLY AND AS <br> EXECUTORS OF THE ESTATE OF <br> JOHN J. CIAROLLA, DECEASED <br> 3524 BEVAN ROAD <br> N. VERSAILLES, PA. 15137 <br>           Plaintiffs <br> v. <br><br> UNITED STATES OF AMERICA, <br><br>           Defendant | Civil Action <br><br> No. 2:13-cv-01741 |

### CERTIFICATION OF SERVICE

    I, John N. Zervanos, Esquire do hereby certify that a true and correct copy of the within petition has been duly served upon the parties listed below via first class mail:

Adam Dinnell, Esquire
U.S. Attorney General of the Western District
700 Grant Street, Suite 4000
Pittsburgh, Pa. 15219

Lisa Wolfe, Esquire
VA Pittsburgh Healthcare System
1010 Delafield Road
Pittsburgh, Pa 15215

SOLOFF & ZERVANOS, P.C.

BY: _____
JOHN N. ZERVANOS
Attorney for Petitioners
John R. Ciarolla, Dawn Lynn O'Connor and
Sharon Heinnickel, Executors of the
Estate of John J. Ciarolla, deceased

Dated: June 4, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN ROBERT CIAROLLA, : | |
| SHARON P. HEINNICKEL, : | |
| AND DAWN LYNN O'CONNOR, : | Civil Action |
| INDIVIDUALLY AND AS : | |
| EXECUTORS OF THE ESTATE OF : | |
| JOHN J. CIAROLLA, DECEASED : | |
| : | No. 2:13-cv-01741 |
| Plaintiffs : | |
| v. : | |
| UNITED STATES OF AMERICA, : | |
| Defendant : | |

## VERIFICATION

Dawn Lynn O'Connor, Executor of the Estate of John N. Ciarolla, deceased, do hereby verify that the statements made in the foregoing petition are true and correct to the best of my knowledge, information and belief. I have reviewed the proposed settlement and request this Honorable Court's approval of same because I feel it is a fair and reasonable and adequate compensation under the circumstances.

I understand that the statements in said petition are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

*[signature]*
Dawn Lynn O'Connor
Executor of the Estate of John N. Ciarolla

DATE: 4/29/2014

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN ROBERT CIAROLLA, SHARON P. HEINNICKEL, AND DAWN LYNN O'CONNOR, INDIVIDUALLY AND AS EXECUTORS OF THE ESTATE OF JOHN J. CIAROLLA, DECEASED | Civil Action |
| | No. 2:13-cv-01741 |
| Plaintiffs | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant | |

## VERIFICATION

John R. Ciarolla, Executor of the Estate of John N. Ciarolla, deceased, do hereby verify that the statements made in the foregoing petition are true and correct to the best of my knowledge, information and belief. I have reviewed the proposed settlement and request this Honorable Court's approval of same because I feel it is a fair and reasonable and adequate compensation under the circumstances.

I understand that the statements in said petition are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

*[signature: John R Ciarolla]*
John J. Ciarolla, Executor of the
Estate of John N. Ciarolla

DATE: 4/29/14

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN ROBERT CIAROLLA, <br> SHARON P. HEINNICKEL, <br> AND DAWN LYNN O'CONNOR, <br> INDIVIDUALLY AND AS <br> EXECUTORS OF THE ESTATE OF <br> JOHN J. CIAROLLA, DECEASED <br><br> Plaintiffs <br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant | Civil Action <br><br> No. 2:13-cv-01741 |

## VERIFICATION

Sharon Heinnickel, Executor of the Estate of John J. Ciarolla, deceased, do hereby verify that the statements made in the foregoing petition are true and correct to the best of my knowledge, information and belief. I have reviewed the proposed settlement and request this Honorable Court's approval of same because I feel it is a fair and reasonable and adequate compensation under the circumstances.

I understand that the statements in said petition are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

*Sharon Heinnickel* <br>
Sharon Heinnickel, Executor of the <br>
Estate of John J. Ciarolla

DATE: 4-29-14